UNITED STATES DISTRICT COURT
MIDDDLE DISTRICT OF TENNESSEE

ERIN KNIGHTS, individually and as a representative of the class,

Plaintiff,

v.

PUBLIX SUPER MARKETS, INC.

Defendant.

Civil Action No.

**COMPLAINT – CLASS ACTION
(JURY TRIAL DEMANDED)**

Erin Knights ("Plaintiff"), by and through her attorneys, on behalf of herself and the class set forth below, brings the following Class Action Complaint against Publix Super Markets, Inc. ("Defendant" or "Publix").

## PRELIMINARY STATEMENT

1. This putative class action is brought pursuant to the Fair Credit Reporting Act ("FCRA") against a large supermarket chain. Defendant routinely violated the FCRA's core protections by procuring background checks on employees and job applicants without providing a "stand alone" disclosure that a background check would be procured.

2. Recognizing that people's jobs depend on the accuracy of consumer reports, Congress has chosen to regulate the procurement, use and content of such background checks through the FCRA. 15 U.S.C. § 1681.

3. The FCRA contains several provisions which pertain specifically to the use of consumer reports for employment purposes. In light of the potentially determinative role that consumer reports can play regarding an applicant's employment prospects, employers are

1

required to ensure that all applicants are aware of the employer's intention to procure a background check.

4. Specifically, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless …a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

5. The disclosure requirements are important because they enable consumers to control and correct the information that is being disseminated about them by third parties.

6. Consumers have a statutory right to both obtain a copy of their consumer reports and to have errors in their reports corrected. *See* 15. U.S.C. §§ 1681g, 1681i. In order to enable consumers to exercise those rights, it is critical that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors.

7. Defendant has willfully and systematically violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the FCRA.

8. Defendant's "Background Check Authorization" plainly does not comply with the FCRA's disclosure provisions. *Exhibit 1.*

9. The Background Check Authorization is not a stand-alone disclosure within the meaning of the FCRA because it includes extraneous information about the following, *inter alia*:

(a) A purported release of liability for Defendant, its employees, its authorized agents and representatives; and

(b) Statements that applicants will not be eligible for employment if they do not consent. *Ex. 1*.

10. Defendant's decision to turn a document that is supposed to serve as a *notice* of a consumer's rights into a document which purports to serve as a *waiver* of those same legal rights is conclusive evidence of the willfulness of Defendant's violation of the FCRA.

11. Based on Defendant's conduct, Plaintiff asserts FCRA claims on behalf of herself and the class defined below. On behalf of herself and the class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, litigation costs, and all other available relief.

## PARTIES

12. Individual and representative Plaintiff Erin Knights is a resident of Gallatin, Tennessee.

13. Defendant Publix Super Markets, Inc. is a chain of supermarkets that has locations throughout Florida, Georgia, Alabama, South Carolina, and Tennessee. It is one of the "10 largest-volume supermarket chains in the United States" and has a "[c]urrent employee count of more than 165,000." *Exhibit 2*.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

15. Venue is proper in this District because Plaintiff resides here, applied for employment here, and because Defendant does business here.

## ALLEGATIONS RELATING TO PLAINTIFF KNIGHTS

16. In early 2013, Plaintiff applied for a job with Defendant through an electronic application kiosk located at a store in Hendersonville, Tennessee.

17. The kiosk consisted, essentially, of a computerized interface. Plaintiff was guided through a series of computer screens and asked to enter information about herself into the computerized interface through a keyboard. Part of the application process also consisted of a quiz wherein Plaintiff was required to answer certain questions about how she might respond to certain situations at Publix.

18. One of the screens contained a purported "background check authorization."

19. A copy of the text which appeared on that screen is attached hereto as Exhibit 1. Plaintiff pressed on the button at the bottom of the screen to indicate "I Consent."

20. No other screens or documents involved in Plaintiff's kiosk application pertained to Defendant's background check process.

21. As noted *supra*, neither the background check authorization screen nor any other screen involved in Defendant's kiosk job application complied with the FCRA requirement that an entity procuring a consumer report for employment purposes disclose that fact in a document that *consists solely of the disclosure*.

22. Instead, Defendant's background check authorization screen contained extraneous information which blatantly violated the "stand alone disclosure" requirement, and undercut the very purpose of the requirement in the first instance.

23. Specifically, the authorization screen contained a liability release which stated "I release Publix Super Markets, Inc., its employees, its authorized agents and representatives from

4

any liability in connection with any decisions made concerning my employment based on information reported." *Exhibit 1.*

24. Despite its failure to provide Plaintiff with the required stand-alone disclosure, Defendant subsequently requested that its outside consumer reporting agency, American Background Information Services, Inc. ("ABI"), provide it with a consumer report on Plaintiff.

25. On or about June 4, 2013, ABI furnished the consumer report attached hereto as Exhibit 3 to Defendant.

26. Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring a consumer report on Plaintiff for employment purposes without first providing Plaintiff a clear and conspicuous written disclosure, in a document consisting *solely of the disclosure*, that a consumer report may be obtained for employment purposes.

## ALLEGATIONS RELATING TO DEFENDANT'S BUSINESS PRACTICES

27. Defendant conducts background checks on job applicants as part of its standard screening process.

28. Defendant does not perform these background checks in-house. Rather, Defendant relies on outside consumer reporting agencies to obtain this information and report it to Defendant. These reports constitute "consumer reports" for purposes of the FCRA.

29. Defendant uses ABI as its consumer reporting agency. ABI was acquired by Sterling Infosystems, Inc. in 2010.

30. For monetary fees, ABI regularly engages in whole or in part in the practice of assembling or evaluating consumer information for the purposes of furnishing consumer reports, i.e., ABI is a "consumer reporting agency" within the meaning of the FCRA. ABI specializes in providing employment background check reports containing, among other types of information,

5

criminal history information, to its clients including employers and prospective employers. *Exhibit 4.*

31. The FCRA requires that, prior to procuring consumer reports, employers must certify to the consumer reporting agency that they will comply with the FCRA's stand-alone disclosure requirements. *See* 15 U.S.C. § 1681b(b).

32. In accordance with ABI's standard procedures, ABI required Defendant to certify that it would comply with the stand-alone disclosure provisions of the FCRA.

33. Defendant did, in fact, certify to ABI that it would comply with the stand-alone disclosure provisions of the FCRA

34. ABI offers its clients FCRA compliance seminars taught by Richard I. Greenberg, a partner at the employment law firm of Jackson Lewis LLP, and Joe Rotondo, the Vice President of Regulatory Compliance at Sterling Infosystems, Inc. *See Exhibit 5 at 19-21.* In its seminars, ABI warns clients to "Be Careful Of Extraneous Information On Stand-Alone Disclosure[.]" *Id. at 21,* ¶ *1.* ABI also warns its client that "A Separate Stand-Alone Disclosure Is Mandated." *Id. at 20,* ¶ *2.*

35. Despite the representations it made to, and the instructions it received from, ABI, Defendant inserted a liability release and other information into its Background Check Authorization.

36. Defendant's practices violate a fundamental protection afforded to employees under the FCRA, are contrary to the unambiguous language of the statute and are counter to longstanding judicial and regulatory guidance. *See Exhibit 6,* (Hauxwell, 1998) ("[T]he [disclosure] form should not contain any extraneous information … The inclusion of such a

waiver in a disclosure form will violate Section 604(b)(2)(A)[1] of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes.").

37. By systematically inserting a liability release and other extraneous information into Plaintiff's and other class members' disclosures, Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i).

## CLASS ACTION ALLEGATIONS

38. Plaintiff asserts her claim on behalf of the class defined as follows:

All individuals who:

1. applied to Publix through an application kiosk;

2. whose electronic kiosk-based application included a purported liability release regarding consumer reports like that in Exhibit 1; and,

3. on whom Publix procured a background checks for employment purposes in the period beginning two years prior to the filing of the Complaint and continuing through the date the class list is prepared.

39. <u>Numerosity</u>: The class is so numerous that joinder of all class members is impracticable. Defendant regularly uses its disclosure to procure consumer reports on job applicants. Thousands of Defendant's prospective and existing employees satisfy the class definition.

40. <u>Typicality</u>: Plaintiff's claims are typical of the members of the class. Defendant typically uses an identical disclosure to procure consumer reports on prospective and existing employees. The FCRA violations suffered by Plaintiff are typical of those suffered by

---

[1] This section of the FCRA is currently located in the U.S. Code at 15 U.S.C. § 1681b(b)(2)(A). The text remains the same as it was when the guidance was issued.

other class members, and Defendant treated Plaintiff consistent with other class members in accordance with its standard practices.

41. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the class and has retained counsel experienced in complex class action litigation.

42. <u>Commonality</u>: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

    (a)    Whether Defendant procured consumer reports on prospective and existing employees;

    (b)    Whether Defendant violated the FCRA by procuring such consumer reports without a FCRA-compliant disclosure;

    (c)    Whether Defendant's FCRA violations were willful;

    (d)    The proper measure of statutory damages; and

    (e)    The proper measure of punitive damages.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification will also preclude the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and

judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

44. Plaintiff intends to send notice to all members of the class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the class members are available from Defendant's records.

## CLAIM FOR RELIEF
### Procuring Consumer Reports without First Making Proper Disclosures
### 15 U.S.C. § 1681b(b)(2)(A)(i)

45. Defendant procured consumer reports, as defined by the FCRA, on Plaintiff and all class members. These reports were procured for employment purposes without first providing Plaintiff or any class member a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

46. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant's willful conduct is reflected by, *inter alia*, the following:

    (a) The FCRA was enacted in 1970; Defendant, which was founded in 1930, has had over 40 years to become compliant;

    (b) Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

    (c) Defendant knew or had reason to know from its communications with ABI that Defendant's conduct violated the FCRA;

9

(d) Defendant certified to ABI that it would comply with the disclosure requirements of the FCRA;

(e) Defendant repeatedly and routinely uses the disclosure it used with Plaintiff to procure consumer reports;

(f) Defendant's inclusion of a liability release clearly implies awareness by Defendant that it could be held liable for improperly procuring a consumer report;

(g) Despite the pellucid statutory text and there being a depth of guidance, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(h) By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

47. Plaintiff and the class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

48. Plaintiff and the class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

49. Plaintiff and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

50. WHEREFORE, Plaintiff, on behalf of herself and the class, prays for relief as follows:

   (a) Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

   (b) Designating Plaintiff as Class Representative and designating Plaintiff's Counsel as counsel for the class;

   (c) Issuing proper notice to the class at Defendant's expense;

   (d) Declaring that Defendant committed multiple, separate violations of the FCRA;

   (e) Declaring that Defendant acted willfully, in deliberate or reckless disregard of Plaintiff's and class members' rights and Defendant's obligations under the FCRA;

   (f) Awarding statutory and punitive damages as provided by the FCRA;

   (g) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

   (h) Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

51. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the class demand a trial by jury.

Date: March 12, 2014

*[signature]*
Douglas B. Janney III, TN Bar No. 019112

Law Office of Douglas B. Janney III
2002 Richard Jones Road, Suite B-200
Nashville, TN 37215
Telephone: 615-742-5900
Fax: 615-742-5958
doug@janneylaw.com

NICHOLS KASTER, PLLP
E. Michelle Drake, MN Bar No. 0387366*
Joseph C. Hashmall, MN Bar No. 0392610*
    *pro hac vice* applications forthcoming
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Fax: 612-338-4878
drake@nka.com
jhashmall@nka.com

HARDIN & HUGHES, LLP
David Hughes, AL Bar No. 3923-U82D*
    *pro hac vice* application forthcoming
2121 14th Street
Tuscaloosa, AL 35401
Telephone: 205-344-6690
Fax: 205-344-6188
dhughes@hardinhughes.com

FRIED & BONDER, LLC
C. Andrew Head, GA Bar No. 341472*
    *pro hac vice* application forthcoming
White Provision, Suite 305
1170 Howell Mill Rd, NW
Atlanta, GA 30318
Telephone: 404-995-8808
Fax: 404-995-8899
ahead@friedbonder.com

ATTORNEYS FOR PLAINTIFF