# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ERIN KNIGHTS and TRESCA PRATER, individually and as representatives of the class, | Civil Action No. 3:14-cv-00720 |
| | District Judge: Hon. Todd J. Campbell<br>Magistrate Judge: Hon. Juliet Griffin |
| Plaintiffs, | |
| v. | **"""""""FINAL APPROVAL ORDER AND JUDGMENT** |
| PUBLIX SUPER MARKETS, INC. | |
| Defendant. | |

Based on the parties' Joint Motion for Final Approval of the Proposed Settlement, the Final Fairness Hearing, and good cause shown, IT IS HEREBY ORDERED:

1. The Settlement Agreement, dated July 25, 2014, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> All persons who applied at any Publix retail store and whose application included a liability release regarding consumer reports in electronic or written form and on whom Publix procured a background check for employment purposes at any time from March 12, 2012 through May 13, 2014.

1

3. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations among Plaintiffs, Class Counsel and Publix.

4. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Paragraphs 42-49 of the Settlement Agreement in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and Settlement Award distribution procedures set forth in Paragraphs 34, 42-49 of the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

6. This Court hereby finds and concludes that the notice provided by Publix to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

7. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable and adequate" settlement as to all Settlement Class Members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions.

8. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

9. The Court approves Class Counsel's application for $2,395,458.38 in attorneys' fees and costs, and for a service award to the Named Plaintiffs in the amount of $1,000 each.

10. This Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

11. Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the parties and the Settlement Class. The Clerk of the Court is directed to enter this Order on the docket forthwith.

Dated:  　　　　　　　　　　　*Todd Campbell*
　　　　　　　　　　　　　　　Hon. Todd J. Campbell
　　　　　　　　　　　　　　　United States District Judge